ALBANY,
August, 1811.

KANE and KANE *against* THE COMMERCIAL INSURANCE
COMPANY of NEW-YORK.

KANE
v.
COM. INS. Co.

THIS was an action on a policy of insurance " upon *goat skins*, laden, or to be laden, on board the brig *Brutus*, at *Coringa*, in *India*, on a voyage from thence to *New-York*, *valuing the said skins at 50 cents each.*" The policy was dated the 15th *November*, 1808, and the sum of 15,000 dollars was subscribed. It contained the usual printed clause respecting prior insurance.

The cause was tried at the *New-York* sittings, before Mr. Justice *Spencer*, in *April*, 1810.

The plaintiffs offered to prove, that on or about the 15th of *November*, 1808, they made application to the defendants for insurance, to the amount of 25,000 dollars, on *profits*, on the cargo of the ship *Brutus*, from *Coringa* to *New-York*, and informed them, at the time, of a prior insurance effected by the *Phœnix Ins. Co.* and that nearly the whole of the interest of the plaintiffs on board the said brig was covered by that insurance; but that (as the truth was) they had received a letter from their super-cargo, informing them of the purchase and shipment of the *goat skins*, the cost of which in *India* was less than 10 cents per skin, when the value in the *United States* would be about 75 cents, or to that effect. That the defendants declined to make an insurance upon profits, *eo nomine*, as being against the rules of the company, but suggested that the purpose of the plaintiff might be as well effected, by valuing the premises to be insured; whereupon it was agreed between them, that the goat skins on board the said brig should be valued at 50 cents mount, the difference between the invoice price of the cargo and charges, exclusive of the goat skins, and the 22,000 dollars or amount of prior insurance, the residue would be the interest covered by the second policy; that it was immaterial whether the first policy was open or valued, if the skins, at 50 cents each, would furnish interest sufficient for both policies. The valuation in a policy is conclusive on the insurers, if there is no fraud or imposition.

Insurance was made to the amount of 15,000 dollars, on "goat-skins *valued* at 50 cents each;" and the policy contained the usual clause as to prior insurance. A prior insurance had been made, by an *open* policy, on the *cargo*, on board of the same ship, for the same plaintiffs, to the amount of 22,000 dollars. The *prime cost* of the skins was 10 cents each. Estimating the skins at 50 cents each, and the rest of the cargo at the invoice prices, and deducting the prime cost of the skins, the amount was sufficient for both policies; but the cargo, exclusive of the skins, was not sufficient to absorb the prior insurance. In an action on the second policy, it was held, that the whole of the goat skins were to be valued at 50 cents; and after deducting from this a-

a piece, and that the sum of 15,000 dollars should be insured upon the same, at that valuation, by the defendants, at a premium of twelve and a half *per cent.*, and the insurance was made on the said skins at the said valuation accordingly. That the plaintiffs were very desirous to have the skins valued at 75 cents, and the amount of insurance increased, but the defendants refused to value them higher than 50 cents: that the letter, mentioned by them, had then just been received by the plaintiffs, from their supercargo in *India*, and was the cause of the application to the defendants for the insurance. This evidence was objected to, but overruled, by consent, it being agreed between the parties, that in case it should be deemed admissible, and thought material by the court, a new trial should be granted, unless the court should be of opinion that the plaintiffs were entitled to recover on the case, according to their claim, without such evidence.

The *Brutus* sailed from *Coringa* for *New-York*, on the voyage insured, with a return cargo on board, the invoice cost of which, including the *goat skins*, was 19,420 dollars and 79 cents, making, together with the charges and premium of insurance, an insurable interest, on the *open* policy, to the amount of 22,000 dollars and upwards. Part of the cargo consisted of 58,629 goat skins, which, at *Coringa*, cost 5,331 dollars.

The vessel and cargo were captured by a *French* cruiser, and carried into *Cayenne*, and there condemned. Prior to the making of the policy of insurance in question, the plaintiffs had caused another policy to be made by the *Phœnix Ins. Co.* from *New-York* to *Coringa* and back, to the amount of 22,000 dollars, being an *open* policy of insurance, at a premium of 9 *per cent.* which was, afterwards, and prior to the policy in question, increased to 14 *per cent.* on account of a supposed deviation.

The value of the goat skins, at 50 cents each, was 29,314 dollars and 50 cents, and deducting the prime cost of them in *India*, left an interest on the second, or valued policy, according to the valuation, of 23,983 dollars and 48 cents. A verdict was taken as for a total loss, for the amount subscribed by the defendants, subject to the opinion of the court, on a case, as to what amount the plaintiffs were entitled to recover; and the verdict was to be modified accordingly, unless the court should think, from the facts in the case, a new trial ought to be awarded.

ALBANY,
August, 1811.

KANE
v.
COM. INS. Co.

*S. Jones*, jun. for the plaintiffs. Taking the goat skins at the valuation in this policy, and the rest of the cargo at the invoice price, and deducting the prime cost of the skins, the whole interest is above 48,000 dollars, a sum more than sufficient for both policies. The only question is, whether this is not the correct mode of estimating the insurable interest. From the established rule on this subject, the defendants must be considered as admitting the value, as agreed to in the policy.* In respect to this policy, we are to look to the agreed valuation; and unless the whole of such valuation is covered by the prior insurance, the defendants must be answerable for what is not covered by that policy. As it regards the present parties, the first policy is *res inter alios acta;* and the two policies can be viewed in connection only for the purpose of carrying into effect the agreement as to prior insurance; and that agreement may be completely satisfied, without prejudice to the plaintiffs' claim for the full amount of the present policy.

* *Marsh.* 137.
*Burr.* 1171.

The case of *Murray* and *Mumford* v. *Insurance Company of Pennsylvania*, decided in the circuit court of the United States for the district of *Pennsylvania*,† confirms the construction for which we contend, namely, " that the second policy will cover so much of the agreed value, as was not covered by the prior insurance."

† *Condy's Marsh.* 152. a. 152. b. notes.

ALBANY,
August, 1811.

KANE
v.
COM. INS. CO.

* *Tom v. Smith*,
3 *Caines*, 245.

An insurance on *profits* is considered as a *valued* policy on goods.* Now the goods may be abandoned to the insurers on goods, for a total loss; and the insurers on profits will be liable for the agreed value in the policy on profits. The plaintiffs offered to show that the defendants were apprized, that this was intended to be an insurance on profits; and that not being willing to insure them, they agreed that the subject should be so valued as to cover the profits. The parol evidence, so offered, did not contradict the contract; it served only to explain it.

*Wells*, contra. If the second policy had been open, it is perfectly clear, that the plaintiffs could recover no more than what remained uncovered, by the first policy, at the prime cost, or invoice price and charges. Policies of insurance are for the benefit of trade; and their real object is the indemnity of the insured. All beyond a complete indemnity for actual loss, is mere speculation. Parties who seek to recover beyond an indemnity, or for speculative profits, are not to be favoured. If the plaintiffs obtain, on both policies, all that the property has cost, and all expenses and charges, will they not be fully indemnified? Will they not be fully covered?

* Vol. 1. p. 161.

In *Murray* and *Mumford* v. *Ins. Co. of Pennsylvania*, as reported in *Hall's Law Journal*,† both policies were valued, and the actual value was proved to be 6,000 dollars.

If the plaintiffs, in this case, are covered by the first policy, except for 1,000 dollars, they are to recover so much, according to the valuation in the second policy, and no more. If an abandonment had been made to the insurers on the first policy, what would remain, but this difference, to be abandoned to the insurers on the second

policy? The plain language of this policy is, for as many of the skins as are not covered by the first policy, we agree to insure for you, at the valuation of 50 cents each.

If the doctrine contended for, on the part of the plaintiff, is established, then the plaintiffs might recover on this policy at a valuation of 50 cents; on a third policy, with a different insurance company, at a valuation of 75 cents; and on a fourth policy, with another insurance company, at 100 cents; and so on, to an unlimited extent. This would, in effect, render such insurances mere *wager policies*, or policies without interest.

If the plaintiffs intended this as a policy on *profits*, it ought to have been so expressed. The court will not convert a policy on goods into a policy on profits.* Parol evidence was inadmissible. Where there is a written contract, all parol conversations previous to its execution are disregarded, and the parties are confined to their written agreement.†

* *Mumford v. Hallett*, 1 *Johns. Rep.* 43.

The case of *M'Kim* v. *Phœnix Insurance Company* in the circuit court of the *United States*, for the district of *Pennsylvania*,‡ is analogous to the present. It is there said that the first policy covered so much of the coffee, as, at first cost and charges, would amount to 12,000 dollars, (the sum subscribed,) and the defendants on the second policy, which was on 125,000 pounds of coffee, valued at 22 cents per lb., were liable for the residue, to be valued at 22 cents per pound.

† *Vandervoort v. Com. Ins. Co.* 2 *Caines,* 156. 161. See also *Mumford v. M'Pherson,* 1 *Johns. Rep.* 414. 418.
‡ *Condy's Marshall,* 52. b. note. But see S. C. cited *Hall's Law Journal,* vol. 1. p. 166.

*Harison*, in reply. The parties to this policy have agreed, that the skins insured are worth 50 cents each. It has always been held in *England* that profits may be covered, by including them in the valuation of the goods. In this country there is no law against wager policies. Suppose, after goods are shipped and insured, the owner discovers that they will be worth, at the port of delivery, a much larger sum, may he not, by another policy, cover

this increased value ? If there had been no prior insu-
rance, it cannot be doubted that the plaintiff would reco-
ver on the second policy, for the whole of the skins, ac-
cording to the valuation. How do the plaintiffs gain a
double satisfaction in this case ? The *indemnity*, which
the insured has a right to claim, is the *value* agreed
upon; otherwise, there is no difference, in effect, between
an open and a valued policy. *Profits* may always be co-
vered, if the insurer is apprized of the nature of the sub-
ject. It is done, either by insuring the profits, *eo nomi-
ne*, or by including them in the valuation of the goods.
Why then should not the court give effect to the second
policy ? The prior policy is not to be resorted to for the
criterion of value.

THOMPSON, J. delivered the opinion of the court. The
policy in this case contains the usual clause respecting
prior insurance, and it appearing in evidence that 22,000
dollars had been previously insured, this must first be
deducted, and the underwriters made responsible for the
residue only. The prior insurance was by an *open po-
licy* upon the cargo generally. The present is a *valued
policy*, upon goat skins *specifically*, at *50 cents each*. In
order, therefore, to give effect to both policies, the first
ought to be considered as attaching, in the first instance,
upon that part of the cargo, not covered by the latter, in
order to leave aliment for the latter. The cargo, exclu-
sive of the goat skins, was not sufficient to absorb the
prior insurance, and the only difficulty, in this case, is,
to ascertain what portion of interest in the goat skins had
been covered by the prior policy. In estimating the loss
under that policy, the goat skins must have been reckon-
ed at 10 cents each, that being the prime cost. This is
a well settled rule, and it is equally well settled, that the
valuation in a policy is conclusive upon the underwri-
ters, when there is no suggestion of fraud or imposition.
(2 *East*, 109. *Shaw* v. *Felton*.) The defendants are,

therefore; stopped from saying they are not answerable for the goat skins at 50 cents, deducting the amount covered by the former policy. It is immaterial, as it respects the present defendants, whether the prior policy was open or valued; provided the goat skins at 50 cents each, will furnish interest sufficient for both policies. Suppose both policies had been on goat skins only; the first valued at 10 *cents*, and the second at 50 *cents*, would not the underwriters on the second policy, be answerable for the loss at 40 *cents* a skin, which would be the interest uninsured by the first policy? And what difference in principle can it make, whether the 10 cents are deducted in consequence of a valuation by the parties, or in consequence of that being the valuation fixed by law, the policy being open? The underwriters on this policy have no right to say, that because the assured had received 10 cents on each, that the skins had been *fully paid for.* They were *not* paid for, according to the valuation in this policy, which is conclusive upon the defendants. The policy is not that as many of the goat skins as remain uncovered by the former policy, at the invoice price, shall be covered by this policy at the valuation. This is not the sense and meaning of the contract. It is, that the goat skins laden on board shall be valued at 50 cents; and in determining how far the plaintiffs' interest has been exhausted by the prior policy, all the goat skins on board are to be reckoned according to this valuation. No other construction will give effect to the contract. The prior policy was 22,000 dollars, and in order to determine how much of the plaintiffs' interest was covered by it, the invoice price of the cargo, exclusive of the goat skins, must first be ascertained, and whatever that sum, together with the usual charges, falls short of the 22,000 dollars, will be the sum to be deducted from the amount of the goat skins, at 50 cents each, in order to exhaust the prior policy: and the

ALBANY,
August, 1811.

KANE
v.
COM. INS. Co.

residue forms the interest upon which the second policy is to attach. And this, according to the *data* furnished by the case, will be more than the amount of the defendants' subscription in the present policy.

The case most analogous to this, is that of *M'Kim* v. *The Phœnix Insurance Company*, in the circuit court of the *United States*, for *Pennsylvania*, and which is mentioned by Judge *Washington*, in the case of *Murray & Mumford* v. *Insurance Company of Pennsylvania.* (1 *Hall's Law Journal*, 161.) There was a prior open policy, to 12,000 dollars, and a subsequent policy to 15,000 dollars, on coffee, (part of the same cargo,) at 22 cents per pound : And it was " decided that the first policy covered as much of the coffee as 12,000 dollars would absorb, at prime cost and charges, instead of the value fixed on that article in the second policy, which, of course, would leave to be covered by the second policy, *as much less of the cargo, as the difference between the prime cost and charges, and 25 cents, would amount to,* and for so much of the cargo, the *Phœnix Company* was held to be answerable." According to this report of the case, the underwriters on the second policy were held liable for the difference between the prime cost of the coffee, and the valuation in the policy subscribed by them. The report of the same case, in a *note* in *Condy's* edition of *Marshall*, (152. b.) might warrant a different construction; but is not so precise, and probably not so correct, for the case in *Hall* appears to be the report of the judge himself.

We are, accordingly, of opinion, that the plaintiffs are entitled to recover as for a total loss, to the amount of the verdict.

Judgment for the plaintiffs.